# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| LESTER P. WIGGINS, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )     1:11CV873 |
| | ) |
| ATTORNEY GENERAL OF THE | ) |
| STATE OF NORTH CAROLINA, | ) |
| | ) |
| Respondent. | ) |

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, has submitted a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody. For the following reasons, the Petition cannot be further processed.

1. Filing fee was not received, nor was an affidavit to proceed *in forma pauperis* submitted and signed by Petitioner.

2. Petitioner has not named his custodian as the respondent. Rule 2, Rules Governing Section 2254 Cases, requires that the petition name the state officer having custody of the applicant as respondent. The Court takes judicial notice that a proper respondent for North Carolina state prisoners challenging their North Carolina judgment of conviction is the Secretary of the North Carolina Department of Correction. Naming the wrong custodian is a common point of confusion, and the Court assumes that Petitioner wishes to name the proper custodian as respondent. Accordingly, unless Petitioner objects within eleven days of the issuance of this Order, the Petition is deemed from this point forward to be amended to name Alvin W. Keller, Jr., who is currently the Secretary of the North Carolina Department of Correction, as respondent.

3. Petitioner has failed to indicate that state court remedies have been exhausted. [28 U.S.C. § 2254(b).] In fact, he indicates that he has not pursued any state court remedies at all. (Docket Entry 1, §§ 8, 10, 12.) He must fully pursue his claims in state court before bringing them in this Court.

4. An insufficient number of copies was furnished. Petitioner must submit the original and two copies.

Because of these pleading failures, the Petition should be filed and then dismissed, without prejudice to Petitioner filing a new petition on the proper habeas corpus forms with the $5.00 filing fee, or a completed application to proceed *in forma pauperis*, and otherwise correcting the defects noted. The Court has no authority to toll the statute of limitation, therefore it continues to run, and Petitioner must act quickly if he wishes to pursue this petition. *See Spencer v. Sutton*, 239 F.3d 626 (4th Cir. 2001). To further aid Petitioner, the Clerk is instructed to send Petitioner a new application to proceed *in forma pauperis*, new § 2254 forms, and instructions for filing a § 2254 petition, which Petitioner should follow.

*In forma pauperis* status will be granted for the sole purpose of entering this Order and Recommendation.

**IT IS THEREFORE ORDERED** that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Petitioner § 2254 forms, instructions, and a current application to proceed *in forma pauperis*.

**IT IS RECOMMENDED** that this action be filed, but then dismissed *sua sponte* without prejudice to Petitioner filing a new petition which corrects the defects of the current Petition after he has exhausted his remedies in the state courts.

                                            /s/ L. Patrick Auld
                                              **L. Patrick Auld**
                                      **United States Magistrate Judge**

October 19, 2011